IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | |
| | § | CRIMINAL ACTION NO. 4:12-CR-280 |
| LUIS ELICEO OTERO, | § | |
| | § | |
| Defendant. | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Now before the Court is the request for revocation of Defendant's supervised release. After the District Judge referred the matter to this Court for a report and recommendation, the Court conducted a hearing on June 14, 2019, to determine whether Defendant violated his supervised release. Defendant was represented by Taly Haffar. The Government was represented by Marisa Miller.

Luis Otero was sentenced on September 10, 2013, before The Honorable U.S. District Judge Marcia A. Crone of the Eastern District of Texas after pleading guilty to the offense of Failure to Register, a Class C felony. This offense carried a statutory maximum imprisonment term of 10 years. The guideline imprisonment range, based on a total offense level of 12 and a criminal history category of IV, was 21 to 27 months. He was subsequently sentenced to 21 months imprisonment followed by a 5 year term of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure; substance abuse testing and treatment; compliance with Sex Offender Registration and Notification requirements; sex offender testing and treatment; no contact of any kind with children under the age of 18 unless supervised by an adult approved by the probation officer; no possession or viewing of any form of

media or in any live venue that depicts sexually explicit conduct; the defendant shall submit to a search of his person, property, house, residence, vehicle, papers, computer, other electronic communication or data storage devices or media, and effects at any time, with or without a warrant, by any law enforcement or probation officer with reasonable suspicion concerning unlawful conduct or a violation of supervised release; and a $100 assessment.  On May 28, 2014, he completed his period of imprisonment and began service of the supervision term.

On July 20, 2015, the term of supervised release was revoked, and the defendant was sentenced to 11 months imprisonment followed by a 49 month term of supervised release, subject to the standard conditions plus special conditions to include all of the original special conditions imposed in the original judgment.  On March 9, 2016, the defendant completed his period of imprisonment and commenced his second term of supervised release.

On May 6, 2019, the U.S. Probation Officer executed a First Amended Petition for Warrant or Summons for Offender Under Supervision [Dkt. 47, Sealed].  The Petition asserted that Defendant violated thirteen (13) conditions of supervision, as follows: (1) The defendant shall not commit another federal, state, or local crime; (2) The defendant shall not unlawfully possess a controlled substance; (3) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician; (4) The defendant shall not commit another federal, state, or local crime; (5) The defendant shall not leave the judicial district without permission of the Court or probation officer; (6) The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month; (7) The defendant shall notify the probation officer at least ten days prior to any change of residence or employment; (8) The defendant shall comply with the requirements of the

Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense; (9) The defendant shall refrain from any unlawful use of a controlled substance; (10) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substances or any paraphernalia related to any controlled substances, except as prescribed by a physician; (11) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer; (12) The defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation Office, until such time as the defendant is released from the program by the probation officer; and (13) Under the guidance and direction of the U.S. Probation Office, the defendant shall participate in a sex offender treatment program which may include the application of physiological testing instruments. The defendant shall pay any cost associated with treatment and testing.

The Petition alleges that Defendant committed the following acts: (1), and (2) On January 16, 2019, Mr. Otero committed the Class 4 drug Felony offense of Controlled Substance-Possession Schedule 1/2/fl/kt/ct, in Black Hawk, Colorado. On February 25, 2019, he was sentenced to 6 months imprisonment under Docket No. 2019CR16 in Gilpin County State Court. (3) According to the offense report, he was initially charged with Unlawful Distribution, Mfg, Dispensing or Sale of Controlled Substance (sch II); Unlawful Possession of Controlled Substance; Criminal possession of two or more identification documents; fugitive of Justice; and Criminal Possession of Financial Device. Black Hawk police officers received an officer safety notification about the offender as he was a sexual assault suspect and were advised he was probably using the

name Aaron T. Hamm. The notification was issued out of Larimer, Colorado, Sheriff's Office in connection with one of their cases. The officer conducted a check of a parking garage at the Isle Casino and observed the vehicle described to be associated with the offender. There were two dogs in the vehicle. The offender was located on the gaming floor of the casino and he was taken into custody. Upon searching him, they found 14 small bags of cocaine and a crystal-like substance. Mr. Otero appeared to be anxious and told officers that he would be killed in prison once they found out about his sex offender status. Therefore, he was evaluated by paramedics. Once at the jail, they found he was in possession of state identification cards, credit cards, and casino player's cards that were not his. The car and the credit cards belonged to the sexual assault victim/offender's girlfriend. She was contacted and picked up her dogs. The vehicle was impounded as it was believed it was used during the commission of the sexual assault. (4) Mr. Otero was charged in the Larimer Colorado County District Court by way of a Complaint and Information under Docket No. D0352019CR000371 with committing the following offenses: Second Degree Kidnapping, Sexual Assault, Aggravated Motor Vehicle Theft in the First Degree, and Assault in the Third Degree. He was arrested for these offenses on January 16, 2019, by the Larimer County Sheriff's Office. The charges remain pending as he was transferred to federal custody due to the U.S. Marshal hold stemming from the warrant for violation of his supervised release. A copy of the offense report and additional court information have been requested but have not been received as of this writing. (5) Mr. Otero traveled to Colorado, which is outside of the judicial district, without the permission of the Court or probation officer. This is evidenced by the recent arrest on January 16, 2019, in Colorado. (6) Mr. Otero failed to report in person to the probation office on September 30, 2016, as instructed on September 6. Telephone calls were made in order to contact him, but they were to no avail. Additionally, his common-law wife was

contacted via telephone, and she advised he was no longer living with her. His whereabouts were unknown until his arrest for the offenses noted above. (7) Mr. Otero failed to contact the U.S. Probation Office. On October 4, 2016, our office spoke with his common-law-wife who reported he had not been staying at his listed residence since September 30, 2016. His common-law wife and employer both advised he was no longer living at the residence on file. Until the arrest for the offenses noted above, Mr. Otero's whereabouts were unknown. (8) Contact with the Denton, Texas, Police Department revealed Mr. Otero is obligated to notify their department of a change in residence seven days prior to said change. According to them, he has not made any notifications. A warrant was issued by the Denton Police Department on October 25, 2017, and remains active. (9) and (10) Mr. Otero submitted a positive urine specimen for marijuana on September 2, 2016, during an unannounced home visit. He verbally admitted to said use. During an office visit on September 6, 2016, he also provided a written admission pertaining to marijuana use. (11) According to the verbal and written admissions provided by Mr. Otero regarding the positive urine specimen submitted on September 2, 2016, he associated with an individual he knew smoked marijuana and who was actively engaged in this behavior. (12) Mr. Otero failed to report for drug testing with McCary Counseling Services, Denton, Texas, on September 23, 2016, as part of the U.S. Probation Office's random drug testing program. Additionally, Mr. Otero has failed to call the random drug testing notification line each day as instructed since September 21, 2016. (13) On August 30, 2016, a Maintenance Polygraph Examination was administered to the offender by Michael Chimarys Polygraph Service. The test results support a finding of Deception Indicated to the relevant test questions. As such, it is alleged he has failed to successfully participate in a sex offender treatment program.

Prior to the Government putting on its case, Defendant entered a plea of true to allegations 1-3, and 5-13 of the Petition. Having considered the Petition and the plea of true to all allegations, with the exception of allegation 4 which the Government requested to dismiss at hearing, the Court finds that Defendant did violate his conditions of supervised release.

Defendant waived his right to allocute before the District Judge and his right to object to the report and recommendation of this Court.

## RECOMMENDATION

Pursuant to the Sentencing Reform Act of 1984, the Court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for a term of eighteen (18) months, to run consecutively to any term of imprisonment imposed by any state court, including any term related to allegation 4, with no term of supervised release to follow.

The Court also recommends that Defendant be housed in the Bureau of Prisons facility in New York, either Allenwood or Ray Brook, if appropriate.

**SIGNED** this 24th day of June, 2019.

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE